IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

J.T. SHANNON LUMBER COMPANY                                                            PLAINTIFF
d/b/a SHAMROCK PLANK FLOORING

V.                                                            CIVIL ACTION NO.: 2:09CV175-SA-SAA

TRINITY HARDWOOD DISTRIBUTORS, INC.                                        DEFENDANT

ORDER GRANTING
MOTION TO REMAND

Presently before the Court is Plaintiff's Motion to Remand [4]. Defendant has filed its response in opposition to the motion. Having considered the motion, response, and applicable law, the Court grants Plaintiff's Motion to Remand.

*Factual and Procedural Background*

On September 3, 2009, J.T. Shannon Lumber Company d/b/a Shamrock Plank Flooring ("Shamrock"), a Mississippi corporation, filed an action in the County Court of DeSoto County, Mississippi, against Trinity Hardwood Distributors, Inc. ("Trinity"), a Texas corporation, alleging claims for breach of contract and failure to pay goods on account. Shamrock also seeks declaratory relief relative to any claimed set-off for alleged defective product.

On October 2, 2009, Trinity filed its Notice of Removal asserting that this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) as complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, excluding interests and costs. On October 19, 2009, Shamrock moved to remand this action to state court, alleging that Trinity's removal was improper in that the amount in controversy fails to meet the threshold requirement of $75,000.

*Standard of Review*

The applicable statute provides two grounds for remand: (1) a defect in the removal procedure; and (2) the lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c). A remand for lack of subject matter jurisdiction is permissible at any time before final judgment, with or without a motion. 28 U.S.C. § 1447(c).

Pursuant to 28 U.S.C. § 1441(a), a defendant is permitted to remove an action if the action is one over which the federal court has original jurisdiction. Federal courts are courts of limited jurisdiction; as such, absent jurisdiction granted by statute, federal courts lack the power to adjudicate claims. See Stockman v. Federal Election Comm'n, 138 F.3d 144, 151 (5th Cir. 1998) (citing Veldhoen v. United States Coast Guard, 35 F.3d 222, 225 (5th Cir. 1994)). The party seeking to invoke the jurisdiction of a federal court carries the burden of establishing the existence of federal jurisdiction. Stockman, 138 F. 3d at 151. Any doubt as to the district court's jurisdiction must be resolved in favor of remand. Bosky v. Kroger Tex. L.P., 288 F.3d 208, 211 (5th Cir. 2002).

Federal subject matter jurisdiction is limited to cases that either "aris[e] under the Constitution, laws or treaties of the United States" or involve matters where the amount in controversy exceeds $75,000, exclusive of costs and interest, and diversity of citizenship exists. 28 U.S.C. §§ 1331, 1332. Here, Trinity asserts only diversity of citizenship as its basis for removal. Shamrock concedes that the parties are of diverse citizenship, so this Court need only consider whether the amount in controversy meets the threshold requirement of $75,000, exclusive of costs and interest.

*Analysis and Discussion*

Plaintiff Shamrock asserts that this Court lacks subject matter jurisdiction as the amount in

controversy does not exceed $75,0000. Shamrock's Complaint seeks to recover $15,791.54 from Trinity for breach of contract and failure to pay for goods on account. Shamrock also seeks declaratory relief relative to any claimed set-off for alleged defective product.

Trinity responds that the value of the declaratory relief relative to any claimed set-off for alleged defective product exceeds $75,000. The sum of the invoices paid by Trinity for the alleged defective products sold by Shamrock totals $11,998.32. Trinity's customer, Boatright Hardwood Floors, paid Trinity $16,081.24. Boatright sold the product to homeowners in Texas who contend they have been out of their home for five months due to problems related to the alleged defective product. Boatright informed Trinity that the homeowners have requested replacement of the floors and to compensate them $11,000 for costs incurred as they cannot live in their house. Trinity further asserts that Texas law applies, specifically the Texas Deceptive Trade Practices Act; thus, treble damages would be applicable for a product defect. Therefore, Trinity totals the value of declaratory relief to $81,243.72, and when added to the claim of $15,792.54 for unpaid invoices, the amount in controversy rises to $97,035.26.

Trinity argues that Texas law governs the transaction as Trinity, a Texas corporation with its principal place of business in Dallas, sold the product to a Texas contractor for sale to Texas property owners. The product was installed in Texas, and the injury – the sale of defective materials and installation – occurred in Texas. Trinity further asserts that Texas has an interest in protecting its consumers from deceptive conduct and defective products. However, Shamrock counters that Trinity's application of Texas law is inappropriate as a claim or counterclaim must be pending against Shamrock to fall under the Texas Deceptive Trade Practices Act (DTPA). This Court agrees. The Act provides that a person against whom an action has been brought under the Act may seek

3

contribution or indemnity from one who, under the statute or common law, may have liability for the damaging event of which the consumer complains. TEX. BUS. & COM. CODE § 17.555. Trinity's basis to apply Texas law is premised on a possible DTPA claim that may be asserted against Shamrock in the future, and that its right to contribution from Shamrock for the potential claim asserted against Trinity exceeds the $75,000 jurisdictional minimum. Trinity arrives at its amount in controversy total of $97,035.26 by calculating damages contingent not only upon it filing suit against Shamrock but also contingent upon Boatright filing suit against Trinity. Here, Trinity has not asserted a claim or counterclaim against Shamrock, nor is the Court aware of any suit against Trinity by Boatright. Federal courts are courts of limited jurisdiction. This Court cannot base its jurisdiction on probable or potential claims. Trinity failed to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000

*Conclusion*

Based on the forgoing analysis, the amount in controversy does not exceed the jurisdictional minimum of $75,000. As such, federal diversity jurisdiction does not exist. The Court grants Shamrock's Motion to Remand [4] to the County Court of De Soto County.

SO ORDERED, this the 16th day of April, 2010.

**/s/ Sharion Aycock**
**UNITED STATES DISTRICT JUDGE**